IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO HERRERA, | § § § | Civil Action No._____ |
| Plaintiff, | § | |
| v. | § § | |
| PALLET LOGISTICS OF AMERICA, LLC, | § | JURY TRIAL DEMANDED |
| Defendant | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Fernando Herrera ("Plaintiff" or "Mr. Herrera") files his Original Complaint against Pallet Logistics of America, LLC ("Defendant" or "Pallet Logistics") as follows:

### I. NATURE OF ACTION

1. Mr. Herrera sues Defendant for injuries sustained in slip and fall while performing work for Pallet Logistics, based on claims for negligence, gross negligence, and premises liability. Pallet Logistics had a nondelegable duty to provide Mr. Herrera with a reasonable safe workplace, which included a duty to provide necessary equipment, training and supervision, but failed to do so.

### II. PARTIES

2. Plaintiff is an individual who resides in Harris County, Texas, and is a citizen of Texas.

3. Defendant is a foreign limited liability company that does business in the State of Texas and Harris County. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), Pallet Logistics may be served with Summons and this Complaint through its registered agent: C T Corporation System at 1999 Bryan Street, Suite 900, Dallas,

**PLAINTIFF'S ORIGINAL COMPLAINT- Page 1**
17014/2.1

Texas 75201.

### III. JURISDICTION AND VENUE

4. Defendant is a Delaware company. Plaintiff is a citizen of Texas. The amount in controversy exceeds $75,000. Therefore, this Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. A substantial part of the events giving rise to Plaintiff's claims occurred in Harris County, Texas. Harris County, Texas is within this Judicial District and within the Houston Division of this Judicial District. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

### IV. FACTUAL BACKGROUND

6. On or about June 2, 2016, Mr. Herrera was performing work for Pallet Logistics at a distribution center in Houston, Texas ("the Premises"). The floor at the Premises had become wet. Defendant, however, failed to provide necessary equipment to clean the floor. Pallet Logistics anticipated that Mr. Herrera would use the dangerous premises and anticipated that Plaintiff was unable to take measures to avoid the risk presented by the slippery floor. Mr. Herrera fell, causing serious injuries to Plaintiff ("the Incident").

7. Pallet Logistics possessed, occupied or otherwise controlled the Premises where the Incident occurred.

### I. NEGLIGENCE AND PREMISES LIABILITY OF DEFENDANT

8. Plaintiff incorporates all factual allegations made above.

9. Pallet Logistics failed to do that which an operator of ordinary prudence would have done under the same or similar circumstances or did that which an operator of ordinary prudence would not have done under the same or similar circumstances.

10. Plaintiff was an invitee on the Premises. Defendant possessed, occupied or

otherwise controlled the Premises where the Incident occurred. Plaintiff entered the Premises with Defendant's knowledge and for their mutual benefit. A condition on the Premises posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the dangerous condition; that it was necessary that Plaintiff use the dangerous Premises; and should have anticipated that Plaintiff was unable to take measures to avoid the risk. Defendant had a duty to use ordinary care to ensure that the Premises did not present a danger to Plaintiff. Defendant breached the duty of ordinary care.

11. In addition, Defendant was negligent. For example, Defendant was negligent by failing to:

    a. institute and enforce proper and effective safety programs, instruction, supervision, and training;

    b. properly warn and instruct Plaintiff;

    c. provide reasonably safe equipment necessary for performance of the job; and,

    d. provide Plaintiff with a safe work place.

12. Defendant's negligence and the premises defects described herein proximately caused Plaintiff's injuries.

## VI. GROSS NEGLIGENCE OF DEFENDANT

13. Plaintiff incorporates all factual allegations made above.

14. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence/ "malice." Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Defendant's conduct

amounts to gross negligence for which Defendant is liable for exemplary damages.

## VII. CAUSATION AND DAMAGES

15. Plaintiff incorporates all factual allegations made above.

16. As a proximate result of all Defendant's negligent and grossly negligent acts and/or omissions, Plaintiff has suffered in the past and will continue to suffer in the future: medical and healthcare expenses; lost wages and lost earning capacity; loss of his own household services; pain and suffering; mental anguish; emotional distress; physical and mental impairment; disfigurement; and loss of enjoyment of life.

## VIII. JURY DEMAND

17. Plaintiff respectfully demands a trial by jury on all of his claims, the jury fee having been deposited with the Clerk of the Court.

## IX. ALTERNATIVE PLEADINGS

18. To the extent facts or causes of actions pled in this Original Complaint are in conflict, they are pled in the alternative.

## X. PRESERVING EVIDENCE

19. Plaintiff request that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom. Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XI. PRAYER

20. Plaintiff prays that judgment be entered against Defendant for:

   a. damages as set forth above in an amount in excess of $75,000 (the minimum diversity jurisdictional amount of this Court);

   b. all costs of court expended herein;

c. pre-judgment and post-judgment interest at the maximum rate allowed by law;

d. exemplary damages; and

e. all such other and further relief, both general and special, at law and in equity to which Plaintiff may show himself justly entitled to receive.

Dated: January 23, 2018
Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By: /s/ J. Moises Cedillos
J. Moises Cedillos
State Bar No. 24080828
Southern District I.D. No. 1531827
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL COMPLAINT- Page 6**
17014/2.1