# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **FERNANDO HERRERA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:18-cv-00179 |
| | § | |
| **PALLET LOGISTICS OF** | § | |
| **AMERICA, LLC,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER & AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Pallet Logistics of America, LLC ("Defendant"), files this Original Answer & Affirmative Defenses to the Original Petition/Complaint (ECF Doc. No. 1, herein referred to as the "Complaint") of Plaintiff Fernando Herrera ("Plaintiff"), and would show:

### Rule 12(b)(6) Motion To Dismiss

1. Plaintiff's Complaint, and each and every purported count therein, fails to state a claim upon which relief can be granted and should be dismissed.

### Defendant's Original Answer

2. In response to Paragraph 1 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph, and further denies the allegations contained therein.

3. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff is a resident of Harris County, but otherwise denies the allegations contained therein.

**DEFENDANT'S ORIGINAL ANSWER & AFFIRMATIVE DEFENSES – Page 1**

4. In response to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

5. In response to Paragraph 4 of the Complaint, Defendant admits that the Court has jurisdiction over this matter, but otherwise denies the allegations contained therein.

6. In response to Paragraph 5 of the Complaint, Defendant admits that venue is proper in the district and division over which the Court has jurisdiction, but otherwise denies the allegations contained therein.

7. In response to Paragraph 6 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph, admits that Plaintiff claims he was injured on June 2, 2016, but otherwise denies the allegations contained therein.

8. In response to Paragraph 7 of the Complaint, Defendant denies the allegations contained therein.

9. In response to Paragraph 8 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph and, except as otherwise admitted, denies the allegations contained or incorporated therein.

10. In response to Paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

11. In response to Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

12. In response to Paragraph 11 of the Complaint, Defendant denies the allegations contained therein, including all subparts.

13. In response to Paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

14. In response to Paragraph 13 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph and, except as otherwise admitted, denies the allegations contained or incorporated therein.

15. In response to Paragraph 14 of the Complaint, Defendant denies the relief sought and the allegations contained therein.

16. In response to Paragraph 15 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph and, except as otherwise admitted, denies the allegations contained or incorporated therein

17. In response to Paragraph 16 of the Complaint, Defendant denies the relief sought and the allegations contained therein.

18. In response to Paragraph 17 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph but admits that Plaintiff has requested a jury.

19. In response to Paragraph 18 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph, and denies the allegations contained therein.

20. In response to Paragraph 19 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph, and denies the allegations contained therein

21. In response to Paragraph 20 of the Complaint, Defendant denies the averments contained in the title/heading of that paragraph, and denies the averments and/or allegations contained and relief sought therein, including all subparts.

## Affirmative Defenses

22. Plaintiff's Complaint, and each and every purported count therein, fails to state a claim upon which relief can be granted.

23. Defendant further asserts that Plaintiff's claims for medical and lost wage damages are preempted under the applicable provisions of the Employee Retirement Income Security Act of 1974, § 29 U.S.C. 1001 et seq. ("ERISA"). ERISA preempts all state law claims "insofar as they may now or hereafter relate to any employee benefit plan." *See* 29 U.S.C. § 1144(a).

24. Defendant further asserts that at the time of Plaintiff's alleged injury, an ERISA self-funded workplace accident plan was in place, which covers the injuries claimed in this lawsuit by Plaintiff. Numerous payments have been made to or on behalf of Plaintiff under that self-funded ERISA plan for medical and disability benefits, and therefore Defendant asserts the affirmative defense of offset and/or payment.

25. Defendant further asserts that immediately before and at the time of the incident in question, conditions existed: (i) of which Defendant had no actual or constructive knowledge; (ii) which did not pose an unreasonable risk of harm; (iii) over which Defendant exercised reasonable care to reduce or eliminate; (iv) the failure of which to reduce or eliminate did not proximately cause Plaintiff's alleged injuries.

26. Defendant further asserts that Plaintiff was guilty of acts or omissions of negligence, each of which, separately or concurrently, was or were the sole proximate cause of the incident in question.

27. Defendant further asserts that, with regard to the incident in question and the alleged

damages, if any, Plaintiff failed to exercise reasonable care for his own self-protection against dangers of which he knew or should have known, and failed to mitigate his alleged damages.

28. Defendant further asserts that if Plaintiff sustained any injuries or damages in the occurrence made the basis of this lawsuit, such injuries or damages were not proximately caused by any acts or omissions on the part of Defendant.

29. Defendant further denies any conduct that might form the basis of a gross negligence claim, or an exemplary damages award, and requests the Court to compute any award of "exemplary" or similar damages claimed by Plaintiff in accordance with, as applicable, the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code, TEX. CIV. PRAC. & REM. CODE § 41.001 et seq., and the decisions of the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*. 532 U.S. 424, 121 S.Ct 1678 (2001); and *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), and any subsequent holdings, which limit or restrict the amount of "exemplary" or similar damages that Plaintiff might claim in this lawsuit.

30. Defendant further asserts the limitations on liability, as applicable, under the Texas Civil Practice & Remedies Code and/or other Tort Reform legislation, or as reflected in other related legislation and/or judicial rulings.

31. Defendant hereby provides written notice to Plaintiff that any and all documents produced during discovery, if any, may be used against Plaintiff at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document(s).

32. Defendant reserves the right to assert additional defenses and matters in avoidance as they become apparent in the course of discovery.

**Conclusion**

WHEREFORE, Defendant Pallet Logistics of America, LLC, prays that: (i) Plaintiff take nothing by his action against Defendant; and (ii) Defendant have all such other and further relief, both at law and in equity, which the Court deems justified.

Dated: March 15, 2018

                                      Respectfully submitted,

                                      By:   /s/ Paul M. Hood
                                                Paul M. Hood
                                                State Bar No. 09943440
                                               Southern District I.D. No. 12711
                                               PAUL M. HOOD, P.C.
                                               1717 Main Street
                                               Suite 5500, LB #49
                                               Dallas, Texas 75201
                                               (214) 373-3214 phone
                                               (214) 373-0843 fax
                                               pmhood@pmhlaw.com
                                               **ATTORNEYS FOR DEFENDANT, PALLET LOGISTICS OF AMERICA, LLC**

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2018, a copy of the foregoing instrument was served on counsel for Plaintiff, pursuant to the Federal Rules of Civil Procedure, as follows:

VIA ELECTRONIC SERVICE TO:
J. Moises Cedillos
CEDILLOS LAW FIRM, PLLC
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456 (phone)
(832) 900-9456 (fax)
moises@cedilloslaw.com
**Counsel for Plaintiff**

                                                            /s/      Paul M. Hood
                                                                    Paul M. Hood